IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY, CIVIL ACTION

ROY TAYLOR,

   Plaintiff,       **2010  0893**

vs.        CASE NO.:

MIDLAND FUNDING LLC and
MIDLAND CREDIT MANAGEMENT, INC.,

   Defendant.
           /

### STATEMENT OF CLAIM

  Plaintiff Roy Taylor sues defendant Midland Funding LLC and
Midland Credit Management, Inc., and states as follows:

### PART I: INTRODUCTION

  1. This is an action for damages which do not exceed
$2,500.00 in any single Count; it is brought by an individual
consumer for violations of the federal Fair Debt Collection
Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the
Florida Consumer Collection Practices Act, Chap. 559, Fla. Stat.
("FCCPA"; collectively "the Acts").

  2. The FDCPA prohibits debt collectors, and the FCCPA
prohibits all persons, from engaging in abusive, deceptive and
unfair practices in collecting consumer debts; the debt sought to
be collected by the defendant herein was a consumer debt.

  3. The plaintiff has retained the below-signed attorney and
is obligated to pay him a reasonable fee for his services.

### PART II: PARTIES, JURISDICTION, AND VENUE

  4. Plaintiff Roy Taylor ("Taylor") is a natural person
residing in Hillsborough County, Florida.

  5. Defendant Midland Credit Management, Inc. ("Midland
Credit") is a Kansas corporation doing business in Florida, with
its principal place of business being located in San Diego,
California.

  6. Defendant Midland Funding LLC ("Midland Funding") is a

Delaware corporation doing business in Florida, with its principal place of business being located in San Diego, California.

7. Defendants Midland Funding and Midland Credit are subject to the provisions of both the FDCPA and the FCCPA, and are subject to the jurisdiction of this court pursuant to § 48.193, Fla. Stat.

### PART III: FACTS

8. The background facts leading to the filing of this action are as follow:

(a) At some point prior to October 12, 2009 Midland Funding purchased an account upon which Taylor allegedly owed $4,517.53.

(b) At some point after October 12, 2009 but prior to November 13, 2009 a representative of Midland Credit called Taylor on behalf of Midland Funding in an attempt to collect the debt that had been purchased by Midland Funding; during that telephone conversation Taylor told the Midland Credit representative that the below-signed attorney ("attorney Condon") represented him with respect to the alleged debt, giving the Midland Credit representative both the attorney's name and office telephone number in Tampa.

(c) On November 13, 2009 an individual identifying himself as "Frank" called Taylor on behalf of Midland Credit and Midland Funding. When Taylor asked why he was being called after notice had been given of representation by attorney Condon, "Frank" falsely stated that multiple attempts to call attorney Condon had been made, "but no one ever answers." Taylor asked and received confirmation that "Frank" had the correct office telephone number for attorney Condon, 813-251-2626. This call constituted a violation of 15 U.S.C. § 1692c(2) and § 559.72(18), Fla. Stat. During the telephone conversation with Taylor, "Frank" also failed to notify Taylor that the call was from a debt collector, thus violating 15 U.S.C. §§ 1692d(6) and 1692e(11), as

well as § 559.72(7), Fla. Stat.

(d) On or about November 13, 2009 Midland Credit sent a dunning letter dated November 13, 2009 to Taylor on behalf of Midland Funding, a copy of which is attached as Exhibit "A". Sending this letter directly to Taylor was a violation of 15 U.S.C. § 1692c(2) and § 559.72(18), Fla. Stat.

(e) On or about November 25, 2009 "Frank" again called Taylor on behalf of Midland Credit and Midland Funding in an attempt to collect the alleged debt, thus violating 15 U.S.C. § 1692c(2) and § 559.72(18), Fla. Stat. During the telephone call, "Frank" again failed to notify Taylor that the call was from a debt collector, and thus again violated 15 U.S.C. §§ 1692d(6) and 1692e(11), as well as § 559.72(7), Fla. Stat.

(f) On or about December 10, 2009 Midland Credit sent a dunning letter dated December 10, 2009 to Taylor on behalf of Midland Funding, a copy of which is attached as Exhibit "B". Sending this letter directly to Taylor was a violation of 15 U.S.C. § 1692c(2) and § 559.72(18), Fla. Stat.

(g) On or about December 22, 2009 "Sam Joseph" called Taylor on behalf of Midland Credit and Midland Funding in an attempt to collect the alleged debt, thus violating 15 U.S.C. § 1692c(2) and § 559.72(18), Fla. Stat.

**PART IV: CLAIM FOR VIOLATIONS OF FDCPA**

9. Paragraphs 1 through 8 are hereby realleged and incorporated as if more fully stated herein.

10. Violations of the FDCPA were committed by Midland Credit and Midland Funding while engaging in debt collection activity with respect to Taylor, as noted above.

WHEREFORE, plaintiff Taylor demands judgment against defendant Midland Credit and Midland Funding, jointly and severally, for statutory damages of $1,000.

**PART V: CLAIMS FOR VIOLATIONS OF FCCPA**

COUNT I: FIRST CLAIM UNDER FCCPA

11. Paragraphs 1 through 7 and 8(c) are hereby realleged and

Page 3 of 5

incorporated as if more fully stated herein.

WHEREFORE, plaintiff demands judgment against defendants Midland Funding and Midland Credit for statutory damages of $1,000 each, for a total of $2,000.

## COUNT II: SECOND CLAIM UNDER FCCPA

12. Paragraphs 1 through 7 and 8(d) are hereby realleged and incorporated as if more fully stated herein.

WHEREFORE, plaintiff Taylor demands judgment against defendants Midland Funding and Midland Credit for statutory damages of $1,000 each, for a total of $2,000.

## COUNT III: THIRD CLAIM UNDER FCCPA

13. Paragraphs 1 through 7 and 8(e) are hereby realleged and incorporated as if more fully stated herein.

WHEREFORE, plaintiff Taylor demands judgment against defendants Midland Funding and Midland Credit for statutory damages of $1,000 each, for a total of $2,000.

## COUNT IV: FOURTH CLAIM UNDER FCCPA

14. Paragraphs 1 through 7 and 8(f) are hereby realleged and incorporated as if more fully stated herein.

WHEREFORE, plaintiff Taylor demands judgment against defendants Midland Funding and Midland Credit for statutory damages of $1,000 each, for a total of $2,000.

## COUNT V: FIFTH CLAIM UNDER FCCPA

15. Paragraphs 1 through 7 and 8(g) are hereby realleged and incorporated as if more fully stated herein.

WHEREFORE, plaintiff Taylor demands judgment against defendants Midland Funding and Midland Credit for statutory damages of $1,000 each, for a total of $2,000.

## PART VI: AD DAMNUM

WHEREFORE, plaintiff Roy Taylor demands judgment against defendants Midland Funding LLC and Midland Credit Management, Inc. for damages as follow:

a. FDCPA STATUTORY DAMAGES: A total of $1,000 for violations of the FDCPA;

Page 4 of 5

b. <u>FCCPA STATUTORY DAMAGES</u>: $1,000 against each of the defendants for each of the above five separate, temporally displaced violations of the FCCPA, for a total of $10,000;

c. <u>FCCPA EQUITABLE RELIEF</u>: Equitable relief enjoining the defendant from further violations of the FCCPA; and

d. <u>FEES AND COSTS</u>: Costs and attorneys' fees under both the FDCPA and FCCPA.

TIMOTHY CONDON, ESQ. FBN 217921
307 S. Fielding Ave., Suite #2
Tampa, Florida 33606-4126
813-251-2626  Fax: 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF

 **mcm**  Dept. 12421
PO Box 603
Oaks, PA 19456

11-13-2009

#BWNHLTH
#0000 0853 0557 2944#
ROY TAYLOR
2412 WEST PROSPECT RD
TAMPA, FL 33629-5354

2344-1104

Contact Information:   Tel (800) 265-8825

Hours of Operation:   Sat-Th 5am - 2pm PST;
Current Owner:   Midland Funding LLC
Original Creditor:   WASHINGTON MUTUAL BANK
Original Account No.: 4185866737308984

MCM Account No.:   8530557294
Current Balance:   $4,517.53
Payment Due Date:   UPON RECEIPT

Dear ROY TAYLOR,

Midland Credit Management, Inc. is the **SERVICER** of the above-mentioned **WASHINGTON MUTUAL BANK** account. This is a demand for payment. Please include a check or money order for the Current Balance due. Once the balance has been received, the three major credit reporting agencies will be notified that the account is paid in full.*

Please do not hesitate to contact me at **(800) 265-8825, Ext.52396** if you have any questions.

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

**Frank Diego X52396,CS33**
Midland Credit Management, Inc.

*Your credit report will not be updated if the federal reporting period has expired.

---

*Please tear off and return lower portion with payment in envelope provided*

| **Payment Certificate** | ROY TAYLOR |
| --- | --- |

ROY TAYLOR
2412 WEST PROSPECT RD
TAMPA, FL 33629-5354

MCM Account Number:   8530557294
Current Balance:   $4,517.53
**Amount Due:**   **$4,517.53**

Make Check Payable to:   Midland Credit
Management, Inc.
**Payment Due Date:**   **UPON RECEIPT**

**mcm**
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

12 8530557294 4 0005000 121309 9   *Exhibit "A"*

LT43

**mcm**
Dept. 12421
PO Box 603
Oaks, PA 19456

| MCM Account Number |
| :--- |
| **8530557294** |
| Original Creditor |
| **WASHINGTON MUTUAL BANK** |
| CURRENT BALANCE |
| **$4,517.53** |

12-10-2009

#BWNHLTH
#0000 0853 0557 2944#
ROY TAYLOR
2412 WEST PROSPECT RD
TAMPA, FL 33629-5354

Hours of Operation:
M-Th 6am - 7pm; Fri 6am - 5pm;
Sat 6am - Noon PST

### Choose The Option That Works For You

Dear ROY,

Midland Credit Management, inc., understands a one-size payment plan doesn't fit everyone's needs. Special offers are now available to help you resolve your unpaid WASHINGTON MUTUAL BANK account. Select one of the three options below and get closer to having one less thing to worry about.

**Benefits of Paying!**

- We'll stop applying interest to your account!
- Your credit report will be updated with the payments made!*
- Once you make your agreed-upon payments to settle your account, your credit report will be updated as 'Paid in Full'!*

**Option 1: 40% OFF**
Payment Due Date: 01-09-2010
You Pay Only **$2,710.52**

**Option 2: 20% OFF**
First Payment Due Date: 01-09-2010
12 Monthly Payments of Only **$301.16**

**Option 3: Monthly Payments As Low As:**
Call today to discuss your options and get more details.
$50 per month†

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

Midland Credit Management
(800) 282-2644

**CALL US TODAY!**
**(800) 282-2644**

Pay your bill online and view additional offers–
log on to www.mcmpayments.com today!

* Your credit report will not be updated if the federal reporting period has expired.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

*Please tear off and return lower portion with payment in the envelope provided*

### PAYMENT COUPON

MCM Account No.:  8530557294
Current Balance:  $4,517.53

**Payment Due Date: 01-09-2010**

Amount Enclosed: _____

Payment Options:
1) Mail in this coupon with your payment
2) Pay by phone (800) 282-2644

Make Check Payable to:
Midland Credit Management, inc.

**mcm** Midland Credit Management, inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

*Exhibit "B"*

IN THE COUNTY COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. **2010    0893**

ROY TAYLOR,

Plaintiff(s)

vs

MIDLAND FUNDING LLC and
MIDLAND CREDIT MANAGEMENT
INC.,

Defendant(s)

DIVISION

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, 800 E. Twiggs St., Tampa, Florida, (813) 272-7040, within 2 working days of your receipt of this Notice to Appear For Pretrial Conference/Mediation. If you are hearing or voice impaired, call 1-800-955-8771; if you are voice impaired, call 1-800-955-8770.

## NOTICE TO APPEAR FOR PRETRIAL CONFERENCE/MEDIATION

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S) (Name & address of Defendant(s) to be served)

MIDLAND CREDIT MANAGEMENT, INC., c/o CORPORATION SERVICE COMPANY, REGISTERED AGENT, 1201 HAYS ST., TALLAHASSEE, FL 32301

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the George Edgecomb Courthouse in Courtroom # 304, located at 800 E. Twiggs St., Tampa, FL 33602 on the 26 day of February, 2010 at 230 AM/PM for a PRETRIAL CONFERENCE.

THE COUNTY COURT DOES NOT PROVIDE INTERPRETERS OR TRANSLATORS, YOU ARE RESPONSIBLE FOR PROVIDING YOUR OWN INTERPRETERS OR TRANSLATORS.

LA CORTE DEL CONDADO NO PROVEE INTERPRETES O TRADUCTORES, USTED ES RESPONSABLE DE PROVEER SU PROPIO INTERPRETE O TRADUCTOR.

*IMPORTANT – READ CAREFULLY*
*THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE BUT MAY BE MEDIATED AT THAT TIME.*
*DO NOT BRING WITNESSES – YOU MUST APPEAR IN PERSON OR BY ATTORNEY.*

WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, OR DISMISSAL.

The Defendant(s) must appear in court on the date specified in order to avoid a default judgment. The Plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the Plaintiff(s) or the Defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

cocv1256(06-07-06)

**SERVED**

DATE:
TIME:
WHO:

# RETURN OF SERVICE

**State of Florida**             **County of Hillsborough**             **County Court**

Case Number: 2010 0893    Court Date: 2/18/2010  2:30 pm

Plaintiff:
**ROY TAYLOR.,**

vs.

Defendant:
**MIDLAND FUNDING LLC AND MIDLAND CREDIT MANAGEMENT, INC.,**

For:
Timothy Condon
Timothy Condon
P O Box 1007
Tampa, FL  33601

Received by S & W Process Service on the 21st day of January, 2010 at 12:17 pm to be served on **Midland Credit Management, Inc. C/o Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

I, Christopher Compton, do hereby affirm that on the **21st day of January, 2010 at 12:40 pm, I:**

**CORPORATE:** served by delivering a true copy of the **Notice to Appear for Pre-Trial Conference/Mediation, Statement of Claim and Exhibits** with the date and hour of service endorsed thereon by me, to: **Sara Lea** as **Customer Service Specialist** for **Midland Credit Management, Inc. C/o Corporation Service Company**, at the address of: **1201 Hays St., Tallahassee, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the Second Judicial Circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing documents and that the facts stated in it are true. Notary not required pursuant to FL Statute 92.525 Sec (2).

**Christopher Compton**
Certified Process Server # 101

**S & W Process Service**
**1701 Arch Street**
**Tampa, FL  33607**
**(800) 294-4638**

Our Job Serial Number: 2010000509
Ref: 184100

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3u

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

## Mediation

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and non adversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

In mediation, decision making rest with the parties. Negotiations in county court mediation are primarily conducted by the parties. counsel for each party may participate. However, presence of the counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution of levy.

RIGHT TO VENUE. The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s) have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:

[1]     where the contract was entered into.
[2]     if the suit is on unsecured promissory note, where the note is signed or where the maker resides.
[3]     if the suit is to recover property or to foreclosure a lien, where the property is located.
[4]     where the event giving rise to the suit occurred.
[5]     where any one or more defendant(s) sued reside.
[6]     any location agreed to in a contract.
[7]     in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you as the Defendant(s) believe the Plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer, in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the Plaintiff(s) or Plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

DATED ON _____JAN 1 3 2010_____, 20_____.

## IN THE COUNTY COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
### CIVIL DIVISION

ROY TAYLOR,

_____

_____
Plaintiff(s)

vs

MIDLAND FUNDING LLC and
MIDLAND CREDIT MANAGEMENT
INC.
Defendant(s)

CASE NO. **2010     0893**

DIVISION _____

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, 800 E. Twiggs St., Tampa, Florida, (813) 272-7040, within 2 working days of your receipt of this Notice to Appear For Pretrial Conference/Mediation if you are hearing or voice impaired, call 1-800-955-8771; if you are voice impaired, call 1-800-955-8770.

### NOTICE TO APPEAR FOR PRETRIAL CONFERENCE/MEDIATION

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S) (Name & address of Defendant(s) to be served)

MIDLAND FUNDING LLC, c/o CORPORATION SERVICE COMPANY, REGISTERED AGENT,
1201 HAYS ST., TALLAHASSEE, FL 32301

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the George Edgecomb Courthouse in Courtroom # 304, located at 800 E. Twiggs St., Tampa, FL 33602 on the ____ day of February, 20 10 at 2:30 AM/PM for a PRETRIAL CONFERENCE.

**THE COUNTY COURT DOES NOT PROVIDE INTERPRETERS OR TRANSLATORS, YOU ARE RESPONSIBLE FOR PROVIDING YOUR OWN INTERPRETERS OR TRANSLATORS.**

**LA CORTE DEL CONDADO NO PROVEE INTERPRETES O TRADUCTORES, USTED ES RESPONSABLE DE PROVEER SU PROPIO INTERPRETE O TRADUCTOR.**

### IMPORTANT – READ CAREFULLY
*THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE BUT MAY BE MEDIATED AT THAT TIME.*
*DO NOT BRING WITNESSES – YOU MUST APPEAR IN PERSON OR BY ATTORNEY.*

**WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, OR DISMISSAL.**

The Defendant(s) must appear in court on the date specified in order to avoid a default judgment. The Plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the Plaintiff(s) or the Defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

COCV1256(06-07-06)

**SERVED**

DATE:

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

### Mediation

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and non adversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

In mediation, decision making rest with the parties. Negotiations in county court mediation are primarily conducted by the parties. counsel for each party may participate. However, presence of the counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution of levy.

RIGHT TO VENUE. The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s) have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:

[1]     where the contract was entered into.
[2]     if the suit is on unsecured promissory note, where the note is signed or where the maker resides.
[3]     if the suit is to recover property or to foreclosure a lien, where the property is located.
[4]     where the event giving rise to the suit occurred.
[5]     where any one or more defendant(s) sued reside.
[6]     any location agreed to in a contract.
[7]     in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you as the Defendant(s) believe the Plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer, in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the Plaintiff(s) or Plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

JAN 1 3 2010

DATED ON _____, 20_____.

(813) 276-8100

# RETURN OF SERVICE

**State of Florida**                    **County of Hillsborough**                    **County Court**

Case Number: 2010 0893   Court Date: 2/18/2010  2:30 pm

Plaintiff:
**ROY TAYLOR.,**

vs.

Defendant:
**MIDLAND FUNDING LLC AND MIDLAND CREDIT MANAGEMENT, INC.,**

For:
Timothy Condon
Timothy Condon
P O Box 1007
Tampa, FL  33601

Received by S & W Process Service on the 21st day of January, 2010 at 12:17 pm to be served on **Midland Funding Llc C/o Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

I, Christopher Compton, do hereby affirm that on the **21st day of January, 2010 at 12:40 pm, I:**

**CORPORATE:** served by delivering a true copy of the **Notice to Appear for Pre-Trial Conference/Mediation, Statement of Claim and Exhibits** with the date and hour of service endorsed thereon by me, to: **Sara Lea as Customer Service Specialist** for Midland Funding Llc C/o Corporation Service Company, at the address of: **1201 Hays St., Tallahassee, FL 32301,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the Second Judicial Circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing documents and that the facts stated in it are true.  Notary not required pursuant to FL Statute 92.525 Sec (2).

**Christopher Compton**
Certified Process Server # 101

**S & W Process Service**
**1701 Arch Street**
**Tampa, FL  33607**
**(800) 294-4638**

Our Job Serial Number: 2010000508
Ref: 184099

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3u